IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ESVIN ALEXANDER RODRIGUEZ LUIS<br><br>Defendant. | Case No.  25-CR-140-JDR |

**Government's Response in Opposition to
Defendant's Motion to Dismiss [Doc. No. 57]**

This Court should deny Rodriguez Luis's motion to dismiss the Indictment [Doc. No. 57] because it contains a plain, concise, and definite written statement of the essential facts constituting the offense charged and sufficiently sets forth the elements of that offense, provides Rodriguez Luis notice of the charges he must defend, and enables him to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense. Fed. R. Crim. P. 17(c)(1); *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

### Relevant Facts

On April 21, 2025, a grand jury returned an Indictment against Rodriguez Luis and seven other defendants. [ECF No. 2]. The United States incorporates by reference all of the facts and allegations contained within Count One of the Indictment, including Rodriguez Luis's and his co-conspirators' joint collection of a down payment to bring an alien illegally into the United States on March 4, 2025.

## Argument and Authorities

**Count One sufficiently sets forth the elements required to prove a conspiracy to bring, transport, and harbor aliens in the United States illegally for private financial gain against Rodriguez Luis and his co-conspirators.**

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006). Further, a defendant may not challenge an indictment to obtain notice of all of the evidence the government intends to produce. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)); *see also United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009). Rather, "[a]n indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994).

"It is generally sufficient for an indictment to set forth the offense in the words of the statute itself as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Kirby*, No. 24-CR-214-JDR-3, 2024 WL 4906114, at *2 (N.D. Okla. Nov. 27, 2024) (internal quotation marks omitted). Even a failure to allege the statutory elements is not fatal to an

indictment provided the essential elements are charged by necessary implication. *Id.* "The indictment should be read as a whole and interpreted in a common-sense manner . . .." *Id.* (internal quotation marks omitted). Courts determine an indictment's sufficiency using practical, not technical considerations or whether a better indictment could have been written. *Id.* The test involves minimal constitutional standards. *Id.* "The essential elements of the offense, including knowledge or intent, must be included in the indictment but need not be expressed in any specific terms." *Id.* (internal quotation marks omitted). "An indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted." *Id.* (internal quotation marks omitted).

    This Court recently recognized that the Tenth Circuit requires that an indictment alleging conspiracy contain the essential elements of the offense, "but [that] those elements need not be charged with the same degree of specificity as would ordinarily be required in a prosecution based on the underlying offense." *See United States v. Kirby*, No. 24-CR-214-JDR-3, 2024 WL 4906114, at *2 (N.D. Okla. Nov. 27, 2024) (internal quotation marks omitted); *see also United States v. Wells*, 873 F.3d 1241, 1255 (10th Cir. 2017). Considering Kirby's motion to dismiss a conspiracy charge on the grounds that it did not sufficiently allege interdependence, this Court determined that even though the indictment was "sparing in details," the indictment "adequately inform[ed] Ms. Kirby of the allegation of interdependence." *Id.* This Court held that because the indictment alleged that Kirby and her co-defendants knowingly,

3

intentionally, and willfully conspired, confederated, and agreed, together and with others, it provided sufficient notice of interdependence and denied Kirby's motion to dismiss. *Id*.

Here, Count One of the Indictment alleges a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (ii), (iii), and (a)(1)(B)(i) [Conspiracy to bring, transport, and harbor aliens in the United States illegally for private financial gain]. Although no Tenth Circuit pattern instruction exists for that Title 8 offense, the Tenth Circuit has held that to prove a conspiracy alleged under Section 1324(a)(1)(A)(v)(I), the government must prove: "(1) an agreement between two or more persons to break the law, (2) an overt act in furtherance of the conspiracy, and (3) defendant's willful action to join the conspiracy." *United States v. Condrin*, 473 F.3d 1283, 1288 (10th Cir. 2007). The Tenth Circuit did not reference interdependence as an element of conspiracy to bring, transport, and harbor aliens in the United States. *Id*. In *Condrin*, the court stated that "[t]he defendant's participation in . . . the [§ 1324] conspiracy need only be slight, so long as sufficient evidence exists to establish the defendant's participation beyond a reasonable doubt." *Id*. (quoting *United States v. Johnston*, 146 F.3d 785, 789 (10th Cir. 1998)).

The Indictment is not required to provide precise answers to the numerous inquiries about the evidence contained in Rodriguez Luis's motion to dismiss. Rodriguez Luis's questions target the strength and sufficiency of the United States' case. They also seek to compel the United States to provide him with notice of the particular evidence against him. Rodriguez Luis will find answers to his questions

4

during the discovery process; none of those considerations are appropriate in assessing the sufficiency of Count One as alleged on its face. The only appropriate inquiry at this juncture is whether Count One sufficiently apprises Rodriguez Luis of the charge against him, contains the essential elements of that charge, and enables him to assert double jeopardy.

Count One mirrors the statutory language of Section 1324(a)(1)(A)(v)(I) in that it specifies Rodriguez Luis and others "knowingly conspired and agreed with each other" to commit multiple object crimes in violation of federal law for private financial gain. It also specifies the object crimes, violations of Sections 1324(a)(1)(A)(i), 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and 1324(a)(1)(B)(i), using each statute's precise language. Count One provides substantial detail about the alleged roles each co-conspirator played, including Rodriguez Luis, and the numerous overt acts they committed in furtherance of the conspiracy. Further, Count One provides the time parameters of the conspiracy, the commission of the conspiracy within the Northern District of Oklahoma and elsewhere, and the locations where overt acts occurred, including those Rodriguez Luis committed with two co-conspirators within the Northern District of Oklahoma. Therefore, Count One on its face and taken as true states the essential elements of the charged offense and provides Rodriguez Luis with sufficient notice to defend the charge or assert a double jeopardy defense.

**Without conceding that Count One requires proof of interdependence, the indictment sufficiently alleges interdependence in Count One.**

Although in *Condrin*, the Tenth Circuit did not list "interdependence" as an element of a conspiracy alleged under § 1324(a)(1)(A)(v)(I) the Tenth Circuit generally requires the inclusion of interdependence between or among conspirators as an essential element of conspiracies charged under 18 U.S.C. § 371 and 21 U.S.C. § 846. *See* Criminal Pattern Jury Instructions, § 2.19 cmt., at 111-12 (2021). Here, although it remains an open question whether interdependence is an element of a § 1324 conspiracy, interdependence may be proven by showing that conspirators acted together for their shared mutual benefit within the scope of the charged conspiracy. *United States v. Evans*, 970 F.2d 663, 671 (10th Cir. 1992). However, "[p]roving interdependence and alleging interdependence are two different matters." *United States v. Kirby*, No. 24-CR-214-JDR-3, 2024 WL 4906114, at *2 (N.D. Okla. Nov. 27, 2024). In *Kirby*, this Court recognized that an indictment is sufficient if it describes interdependent behavior of the coconspirators. *Id.*; *see also Wells*, 873 F.3d at 1255.

Here, Count One alleges that "the defendants . . . [including Rodriguez Luis], and others known and unknown to the Grand Jury, knowingly conspired and agreed *with each other* to . . ." commit the objects of the conspiracy for private financial gain. Count One also alleges that those objects are accomplished, in part, by conspirators "collect[ing], for their own private financial gain and that of the Lima Lopez TCO, the fees and proceeds from bringing aliens into the United States." Count One then

6

alleges a lengthy list of overt acts, many of which involve multiple co-conspirators acting together to accomplish the objects of the conspiracy. Two of those overt acts include Rodriguez Luis acting together with two other co-conspirators to collect a monetary down payment to bring an alien illegally across the United States border.

The inclusion of the phrase "with each other" in Count One, like the use of "together" in the indictment in *Kirby*, sufficiently informs Rodriguez Luis of the allegation of interdependence. Further, the Indictment's express descriptions of the coconspirators collecting fees and proceeds for their own private financial gain and detailed recitation of numerous overt acts, including the joint down payment collection described above, adequately inform Rodriguez Luis of the allegations supporting interdependence.

## Conclusion

For the foregoing reasons, Rodriguez Luis's motion to dismiss should be denied.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney
Northern District of Oklahoma

*/s/ Adam D. McConney*
Adam D. McConney, CA Bar No. 294344
Assistant United States Attorney
110 W. 7th Street, Suite 300
Tulsa, OK 74119-1029
918-382-2700
adam.mcconney@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on the 9th day of May 2025 I submitted the foregoing document to the Clerk of the Court using the CM/ECF filing system, which will provide service to the following counsel of record:

Marna Franklin
*Counsel for Esvin Alexander Rodriguez Luis*

                                        /s/ *Adam D. McConney*
                                        Adam D. McConney
                                        Assistant United States Attorney